No. 04-117

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 76

IN THE MATTER OF V.F.A.,

     A Youth in Need of Care.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                   In and for the County of Yellowstone, Cause No. DN 2001-090
                   The Honorable Gregory R. Todd, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Kevin T. Sweeney, Attorney at Law, Billings, Montana

     For Respondent:

          Honorable Mike McGrath, Montana Attorney General, Ilka Becker, Assistant
          Attorney General, Helena, Montana; Dennis Paxinos, Yellowstone County
          Attorney, Rick Helm, Deputy County Attorney, Billings, Montana

Submitted on Briefs:  October 26, 2004

Decided:  March 29, 2005

Filed:

_____
                       Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    J.A., the biological mother of V.F.A., appeals the Thirteenth Judicial District Court's Order terminating her parental rights and awarding permanent custody of the child to the Montana Department of Public Health and Human Services, Child and Family Services Division (DPHHS). We affirm.

¶2    J.A. presents the following issues on appeal:

1. Did the District Court make clearly erroneous Findings of Fact amounting to an abuse of discretion?

2. Did the District Court err by not making any findings or conclusions determining V.F.A. was a youth in need of care by clear and convincing evidence?

## BACKGROUND

¶3    V.F.A. was born October 18, 2001, to mother J.A. and father D.A.[1] On October 24, 2001, DPHHS petitioned for investigative authority and removed V.F.A. from J.A.'s care upon discharge from the hospital after her birth. DPHHS subsequently petitioned for temporary legal custody.

¶4    J.A. admitted to using drugs in the past, including usage while pregnant with V.F.A. J.A. was offered two Treatment Plans by DPHHS, both of which had the purpose of rehabilitating her so as to allow her to parent V.F.A. The first Treatment Plan covered the period from October 19, 2001, to January 19, 2002. The second Treatment Plan covered the

---

[1] D.A.'s parental rights have also been terminated and are not at issue in this appeal.

2

period from May 20, 2002, to September 1, 2002. The court approved both Treatment Plans, but J.A. did not sign either one.

¶5 The District Court granted temporary legal custody on February 19, 2002, finding by a preponderance of the evidence that V.F.A. was a "youth in need of care." DPHHS subsequently moved for permanent legal custody and termination of J.A.'s parental rights. A hearing on this petition was conducted before the District Court on various days in October, November, and December, 2002, and January, February, and March, 2003. The District Court granted the petition October 8, 2003.

## STANDARD OF REVIEW

¶6 We review a district court's decision to terminate parental rights to determine whether the court abused its discretion. *In re Matter of J.V.*, 2003 MT 68, ¶ 7, 314 Mont. 487, ¶ 7, 67 P.3d 242, ¶ 7 (citation omitted). The test for an abuse of discretion is "whether the trial court acted arbitrarily, without employment of conscientious judgment, or exceeded the bounds of reason resulting in substantial injustice." *In re K.C.H.*, 2003 MT 125, ¶ 11, 316 Mont. 13, ¶ 11, 68 P.3d 788, ¶ 11 (citation omitted). However, because a parent's right to the care and custody of a child is a fundamental liberty interest, it must be protected by fundamentally fair procedures. *J.V.*, ¶ 7 (citation omitted).

¶7 To satisfy the relevant statutory requirements for terminating a parent-child relationship, a district court must make specific factual findings. We review those findings of fact to determine whether they are clearly erroneous. It is well established that in reviewing a district court's findings, this Court does not consider whether the evidence could

3

support a different finding; nor does it substitute its judgment for that of the fact-finder regarding the weight given to the evidence. *In re D.V.*, 2003 MT 160, ¶ 23, 316 Mont. 282, ¶ 23, 70 P.3d 1253, ¶ 23 (citation omitted). It is the district court's responsibility to weigh the evidence presented and ascertain witnesses' corresponding credibility. *In re K.S.*, 2003 MT 212, ¶ 20, 317 Mont. 88, ¶ 20, 75 P.3d 325, ¶ 20. Lastly, we review the court's conclusions of law to determine whether the court interpreted the law correctly. *J.V.*, ¶ 7.

¶8 The district court is bound to give primary consideration to the physical, mental and emotional conditions and needs of the children. Consequently, the best interests of the children are of paramount concern in a parental rights termination proceeding and take precedence over the parental rights. Section 41-3-609(3), MCA. Moreover, the party seeking to terminate parental rights must demonstrate by clear and convincing evidence that the statutory requirements for termination have been met. *J.V.*, ¶ 8 (citation omitted).

## DISCUSSION

## ISSUE ONE

¶9 Did the District Court make clearly erroneous Findings of Fact amounting to an abuse of discretion?

¶10 J.A. argues the District Court's Findings of Fact, Conclusions of Law, and Order are clearly contrary to the witness testimony and exhibits presented to the District Court. Specifically, J.A. assigns error to the District Court's findings in regard to her parenting ability, her urine analysis (UA) and hair sample testing results, the testimony of psychologist

4

Dr. Woolston, and her progress with her therapist, Darryl Weber. J.A. argues that minor noncompliance with a Treatment Plan does not render her an unfit parent.

¶11 DPHHS responds that J.A.'s refusal to comply with either of her Treatment Plans supports the District Court's findings. DPHHS points to J.A.'s testimony at trial where she admitted to not complying with several terms of the Treatment Plans.

¶12 To terminate a parent-child relationship, a district court must determine that one of the criteria in § 41-3-609, MCA, exists. *In re M.J.W.*, 1998 MT 142, ¶ 16, 289 Mont. 232, ¶ 16, 961 P.2d 105, ¶ 16. The sections of this statute relevant to this case are:

> (1) The court may order a termination of the parent-child legal relationship upon a finding . . . that any of the following circumstances exist:
>
> . . .
>
>> (f) the child is an adjudicated youth in need of care and both of the following exist:
>> (i) an appropriate treatment plan that has been approved by the court has not been complied with by the parents or has not been successful; and
>> (ii) the conduct or condition of the parents rendering them unfit is unlikely to change within a reasonable time.

¶13 Complete compliance with a treatment plan is required. *D.V.*, ¶ 27. Substantial or partial compliance is insufficient to prove that a person is prepared to be a fit or responsible parent. *D.V.*, ¶ 27. From a thorough review of the record, it is apparent that J.A. did not completely comply with either of her Treatment Plans. A DPHHS social worker testified that J.A. did not meet all of the goals outlined in the Treatment Plans and did not comply with either Treatment Plan. Specifically, the evidence showed J.A. had suspect UA's, was

failing to keep her social worker informed of the people living in her home, was failing to provide monthly verification of her income, was not consistently demonstrating increased parenting skills, was not following the recommendations of the Family Support Network, would not sign a general medical release, did not provide DPHHS information relating to her application for Social Security benefits, and did not maintain income through employment or other legal means. J.A. admitted to some of these things during her testimony.

¶14 Additionally, testimony supported the District Court's conclusion that J.A.'s conduct and condition rendering her unfit was unlikely to change within a reasonable time. Specifically, the evidence showed J.A. had a long history of choosing drugs over her children and that she either suffered from serious medical problems or was exaggerating them in order to claim she was not capable of securing gainful employment. The District Court refused to accept her contention that she was too disabled by her medical conditions to maintain employment, but was still capable of parenting a young child on a full-time basis. Further, a clinical psychologist testified J.A. was underestimating the demands of being a parent and that she would not comply with the intent of her Treatment Plans a minute longer than necessary.

¶15 While J.A. did present some evidence of her intent to change her lifestyle, there was also ample evidence to the contrary. This Court does not consider whether the evidence offered could support a different finding; nor does it substitute its judgment for that of the fact-finder regarding the weight given to the evidence. *D.V.*, ¶ 23. Even if the District Court's findings contain a few minor errors, there was more than sufficient evidence to

support the District Court's determination that J.A. failed to comply with either Treatment Plan and that J.A.'s conduct and condition rendering her unfit was unlikely to change within a reasonable time. Thus, we conclude the District Court's findings were not clearly erroneous and the District Court did not abuse its discretion.

## ISSUE TWO

¶16    Did the District Court err by not making any findings or conclusions determining V.F.A. was a youth in need of care by clear and convincing evidence?

¶17    J.A. faults the District Court for not making a finding that clear and convincing evidence existed rendering V.F.A. a "youth in need of care." J.A. asserts the District Court merely relied on its findings from the February 19, 2002, temporary custody proceeding which bore the lesser standard of proof, preponderance of the evidence.

¶18    Section 41-3-609(1), MCA, outlined earlier, does not require the District Court, in the termination proceeding, to find by clear and convincing evidence that the child *is* a youth in need of care; rather, it requires a finding that the child is an *adjudicated* youth in need of care. The District Court made this finding in its Finding of Fact Number 2. Further, in Conclusion of Law Number 7, the District Court applied the correct standard of proof noting that DPHHS "presented clear and convincing evidence to establish that continuation of the parent-child legal relationship between [V.F.A. and J.A.] will likely result in continued abuse and neglect, and will likely cause serious emotional damage to this child."

7

¶19 Thus, the District Court did not err and made the proper Findings of Fact and Conclusions of Law supporting the termination of the parent-child legal relationship between J.A. and V.F.A.

## CONCLUSION

¶20 For the foregoing reasons, we affirm the District Court.

/S/ PATRICIA O. COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JAMES C. NELSON

8