No. 05-185

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 256

IN THE MATTER OF T.L. and K.L.,

Youths in Need of Care.


APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DN-03-10/63
Honorable James A. Haynes, Presiding Judge


COUNSEL OF RECORD:

For Appellant:

Mark McLaverty, Michael Montgomery; McLaverty & Assoc.,
Missoula, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; Joslyn M. Hunt,
Assistant Attorney General, Helena, Montana

Jeffrey B. Hayes; Hayes & Hayes, Hamilton, Montana


Submitted on Briefs:  August 9, 2005

Decided:  October 19, 2005


Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1      G.L. (Father), the biological father of T.L. and K.L., appeals from the Order entered by the Twenty-First Judicial District Court, Ravalli County, terminating his parental rights. We affirm.

¶2      The restated issue on appeal is whether the District Court abused its discretion in terminating Father's parental rights.

## BACKGROUND

¶3      The biological mother of T.L. and K.L. died in 2001, Father married D.L. in 2002, and D.L. adopted both children a few months after the marriage. In July of 2003, when the girls were nine and thirteen years old, respectively, the Montana Department of Health and Human Services (Department) petitioned the District Court for emergency protective services, adjudication of T.L. and K.L. as youths in need of care, and temporary legal custody (TLC) or, alternatively, temporary investigative authority. The District Court entered an order authorizing the Department to investigate and provide emergency protective services.

¶4      After a hearing, the District Court entered an order adjudicating T.L. and K.L. as youths in need of care and granting the Department TLC. In that order, the court made findings relevant to D.L. and found Father had taken nude photos of T.L. while she showered, showed or offered to show the photos to a neighbor who subsequently sexually fondled both children, provided the children with pornographic or other inappropriate

2

materials, engaged in sexual relations in the children's presence, and supplied T.L. with excessive amounts of beer and other alcoholic beverages.

¶5 After a dispositional hearing, the District Court entered an order approving treatment plans for Father and D.L. The court later extended the TLC to give Father and D.L. more time to successfully complete their treatment plans.

¶6 The Department subsequently petitioned for termination of Father and D.L.'s parental rights. Before the hearing on the termination petition, D.L. filed an affidavit relinquishing her parental rights and consenting to the Department's custody of the children, and the Department filed an agreement to accept temporary custody.

¶7 At the hearing on the termination petition, five witnesses testified in favor of the petition, five witnesses testified in opposition, and the District Court and counsel questioned T.L. and K.L. in chambers. The court ultimately terminated D.L.'s parental rights based on her relinquishment and Father's parental rights based on findings that the children were adjudicated youths in need of care, Father had not successfully completed his treatment plan and the conduct or condition rendering him unfit to parent was unlikely to change within a reasonable time. Father appeals.

## STANDARD OF REVIEW

¶8 In reviewing a district court's termination of parental rights, we determine whether the statutorily required findings of fact are clearly erroneous, whether the conclusions of law are correct and whether the court abused its discretion in ordering termination. *In re J.B.K.*, 2004 MT 202, ¶ 13, 322 Mont. 286, ¶ 13, 95 P.3d 699, ¶ 13 (citation omitted).

3

**DISCUSSION**

¶9     *Did the District Court abuse its discretion in terminating Father's parental rights?*

¶10     Section 41-3-609(1)(f), MCA (2003), authorizes a district court to terminate a parent-child legal relationship upon finding the child is an adjudicated youth in need of care, an appropriate court-approved treatment plan has not been complied with by the parent or has not been successful, and the parent's conduct or condition rendering him or her unfit is unlikely to change within a reasonable time.  Here, it is undisputed that the District Court correctly found the children were properly adjudicated as youths in need of care.  Father's arguments center on the "successful treatment plan completion" and "unlikely to change" statutory elements.

¶11     Father's treatment plan required him to obtain a psychological/sexual evaluation and, "[i]f recommended by the evaluation, [Father] will participate in a [Department] approved sex offender program[.]" In addition, the treatment plan required Father to engage in individual therapy to address decision-making and parenting issues and comply with all recommendations of his therapist; obtain a chemical dependency evaluation and comply with all of the evaluator's recommendations; and "follow all recommendations given by his daughters' counselors and the Department regarding [T.L.] and [K.L.]'s treatment."

¶12     In its order terminating Father's parental rights, the District Court found Father "did not fully cooperate" with the psychological/sexual evaluation procedure because he marked "false" to all items on one portion of the test and re-test.  It also found Father refused to comply with the chemical dependency evaluator's recommendation to abstain from alcohol

4

and repeatedly "fired" his therapist when the therapist made recommendations with which he did not agree. Further, the court found social workers had testified that Father refused to accept or follow recommendations made by the social workers and the children's therapists, as evidenced by inappropriate letters he had written to the children.

¶13 On appeal, Father asserts the District Court improperly relied on the finding that he did not cooperate with the psychological/sexual evaluation component of his treatment plan because he honestly answered "false" to the test questions and, consequently, could not obtain a recommendation for sex offender treatment. Father contends that by determining he did not cooperate with the psychological/sexual evaluation, the District Court violated the policy articulated in § 41-3-101(b), MCA (2003), to "preserve the unity and welfare of the family whenever possible," as well as his right to fundamentally fair procedures.

¶14 Section 41-3-609(1)(f), MCA (2003), requires complete compliance with a treatment plan, as opposed to partial or even substantial compliance. *In re A.A.*, 2005 MT 119, ¶ 31, 327 Mont. 127, ¶ 31, 112 P.3d 993, ¶ 31 (citation omitted). Father does not contest the findings that he failed to comply with the treatment plan's requirements that he follow the recommendations of the therapist, chemical dependency evaluator, and social workers. These uncontested failures to comply establish Father did not satisfy the requirement for complete compliance under § 41-3-609(1)(f), MCA (2003). *See A.A.*, ¶ 31. Therefore, we need not address Father's argument regarding his allegedly honest answers during the psychological/sexual evaluation.

¶15 Father also challenges two of the District Court's findings related to the "unlikely to change" portion of § 41-3-609(1)(f), MCA (2003). First, he contends the District Court improperly found the psychological/sexual evaluator and reviewing psychologist had testified that Father was "not amenable to sex offender treatment as he refused to accept responsibility for his actions." Second, Father challenges the following language from a different finding:

> [Father's] compliance with his plan can be described as superficial at best and is confirmed by his testimony at the hearing where he made clear that he did not agree with the Court's previous findings that he abused or neglected his children such that he felt no need to change his behaviors or comply with the treatment plan. The Court finds that [Father's] failure to comply with his treatment plan was willful.

¶16 Father asserts that, in making and relying on these findings, the court ignored his admissions that he provided his children with alcohol, photographed T.L. in the shower, allowed the children access to pornography and drank alcohol "throughout the course of the custody process." He also points to his testimony that he cooperated with the criminal investigation into sexual abuse allegations, that photographing T.L. in the shower was poor judgment and wrong and that, if reunited with the children, he would no longer provide them with alcohol. He contends his testimony indicates he took responsibility and, therefore, the District Court erred in finding his conduct or condition rendering him unfit to parent was unlikely to change within a reasonable time.

¶17 In addition to the above-referenced findings, the District Court made other relevant findings based on witness testimony. The court found the chemical dependency evaluator testified Father was "not a suitable candidate for further chemical dependency treatment

6

because he has no interest in addressing his alcohol abuse problem and has expressed his commitment to continue to consume alcohol." The court further found that Father told social workers he had no need for therapy and refused to take responsibility for his behaviors and actions, and that social workers testified Father continued to write inappropriate letters, "blaming others for his situation and denying responsibility for his conduct."

¶18 A finding is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if, after reviewing the record, this Court is left with a definite and firm conviction that a mistake has been made. *A.A.*, ¶ 16 (citation omitted). In reviewing findings, the Court does not consider whether the evidence could support a different finding, nor do we substitute our judgment for the finder of fact regarding the weight of the evidence or witness credibility. *In re V.F.A.*, 2005 MT 76, ¶ 7, 326 Mont. 383, ¶ 7, 109 P.3d 749, ¶ 7 (citations omitted). The above-cited testimony regarding Father's failure to take responsibility constitutes substantial evidence supporting the District Court's finding that Father's conduct or condition was unlikely to change within a reasonable time, and we discern no misapprehension or mistake in that determination. To the extent the testimony advanced by Father on appeal contradicts the testimony referenced in the court's other findings, the District Court was in the best position to resolve the contradiction.

¶19 We hold the District Court did not abuse its discretion in terminating Father's parental rights.

¶20 Affirmed.

/S/ KARLA M. GRAY


We concur:


/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON