No. 05-515

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 75N

IN THE MATTER OF THE
CUSTODY AND PARENTAL
RIGHTS OF D.B. and M.S.,

     Youths In Need Of Care.

APPEAL FROM:    The District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDN 04-12,
Honorable Thomas C. Honzel, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Stephanie Berens, Assistant Public Defender, Helena, Montana

     For Respondent:

          Honorable Mike McGrath, Attorney General; Jennifer M. Anders,
Assistant Attorney General, Helena, Montana

          Leo Gallagher, County Attorney; Carolyn A. Clemens,
Deputy County Attorney, Helena, Montana

          Randi M. Hood, Chief Public Defender, Helena, Montana (For Youths)

Submitted on Briefs:  April 5, 2006

Decided:   April 18, 2006

Filed:

                                     Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 K.B. appeals from the findings of fact, conclusions of law, and order entered in the First Judicial District Court, Lewis and Clark County, terminating her parental rights to two of her children, D.B. and M.S. We affirm.

¶3 K.B. argues that the District Court misapprehended the effect of the evidence, leading it to findings of facts that are clearly erroneous. In particular, she contends that the District Court erred by finding that K.B. is unable to put her children's needs first, that she abused prescription medication, that she failed to provide medical records to a chemical dependency treatment center, that M.S. had only ambivalent attachment to her mother, and that her children's anxiety stems from early childhood experiences rather than removal from their mother's care. Additionally, K.B. argues that the District Court abused its discretion by concluding that the condition rendering K.B. unfit to parent is unlikely to change within a reasonable time because several witnesses testified to K.B.'s substantial improvement in behavior and life skills.

2

¶4    The State responds that each of the findings of fact challenged by K.B. is supported by testimony in the record and that the presence of contradictory evidence does not, without more, indicate that the District Court committed reversible error. *See In re T.L.*, 2005 MT 256, ¶ 18, 329 Mont. 58, ¶ 18, 122 P.3d 453, ¶ 18. In addition, the State notes that there was evidence that K.B. was not able to meet the needs of others, that it was not in M.S.'s best interest to have even a therapeutic relationship with her mother, and that K.B. cannot care for her children, who have special needs. Therefore, the State argues, the District Court did not abuse its discretion by concluding that the condition rendering K.B. unfit to parent is unlikely to change within a reasonable time.

¶5    It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶6    Affirmed.

/S/ JIM RICE

3

We concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON