No. DA 06-0222

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 224N

IN THE MATTER OF S.M.,

    A Youth In Need Of Care.

APPEAL FROM:    The District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DN 04-014,
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Dustin L. Gahagan, Gahagan Law Office, PLLC, Hamilton, Montana

    For Respondent:

        Honorable Mike McGrath, Attorney General; Jennifer Anders, Assistant
Attorney General, Helena, Montana

        Howard Recht, Attorney at Law, Hamilton, Montana

Submitted on Briefs:  August 15, 2006

Decided:  September 6, 2006

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports

¶2 J.O. (Mother) appeals the order terminating her parental rights to S.M. We affirm.

¶3 J.O. has a long history of drug abuse. She began using drugs, including methamphetamine, at age thirteen. Although receiving inpatient and outpatient treatment, she has had no significant periods of sobriety for the past twenty years. J.O. continued to use methamphetamine and other drugs while pregnant and breastfeeding S.M.

¶4 On June 10, 2004, J.O. was arrested at the scene of a drug bust. She had a methamphetamine pipe in her purse. S.M., who was age five at the time, was with her. The Department of Public Health and Human Services (the Department) subsequently placed S.M. with her maternal grandmother. J.O. then left Montana, missing court appearances and visits with her daughter. She was eventually arrested in Idaho for possession of methamphetamine and returned to Montana. In January 2005, after pleading guilty to criminal possession of dangerous drugs and criminal mischief, J.O. was sentenced to a five-year commitment to the Department of Corrections.

¶5     The effect of J.O.'s drug problems and instability on S.M. has been severe.  S.M. is "seriously emotionally disturbed," suffering from both severe reactive attachment disorder as well as post-traumatic stress disorder.  Her relationship to J.O. is that of a "trauma bond," which is developed in the context of fear for personal safety and survival. Long term placement and stability is necessary to address S.M.'s disorders.

¶6     After the District Court adjudicated S.M. a youth in need of care and granted temporary legal custody to the Department, the court ordered the preparation of treatment plans for J.O.  In November 2005, the Department petitioned to terminate J.O.'s parental rights.  As of that date, S.M. had been in kinship foster care with her grandmother for just under twenty months.   The District Court concluded that the approved treatment plans had not been successfully complied with and that J.O.'s conduct or condition was unlikely to change within a reasonable time.  The court therefore ordered termination of parental rights in accordance with § 41-3-609(1)(f), MCA (2005).

¶7     On appeal, J.O. argues that the State failed to prove all of the necessary elements of § 41-3-609(1)(f), MCA, and therefore the District Court erred in terminating her parental rights.  Section 41-3-609(1)(f), MCA, requires complete compliance with a treatment plan, as opposed to partial or even substantial compliance.  *In re T.L.*, 2005 MT 256, ¶ 14, 329 Mont. 58, ¶ 14, 122 P.3d 453, ¶ 14.  The court received considerable testimony during the termination hearing with regard to the longtime drug addictions suffered by J.O and concluded that J.O. was only able to maintain sobriety while incarcerated or under supervision by the criminal justice system.  Further, sufficient

3

evidence was presented that J.O. had failed to adequately address her mental health needs and that J.O. failed to maintain safe and suitable housing or have regular contact with her social worker. Finally, the evidence, both testimonial and based on the actions of J.O., indicates that J.O.'s condition is unlikely to change. The court thus concluded that the treatment plans had been unsuccessful and the behavior of J.O. would not change within a reasonable time.

¶8 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶9 We affirm the judgment of the District Court.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ PATRICIA COTTER

4