No. DA 06-0181

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 4N

IN THE MATTER OF:  T.D.D.J.

APPEAL FROM:     The District Court of the Twenty-First Judicial District,
                 In and For the County of Ravalli, Cause No. DN 2005-09,
                 Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant Mother:

             M. Montgomery, Montgomery Law Offices, PLLC, Hamilton, Montana

        For Appellant Father:

             Mark McLaverty, Eli M. Parker, McLaverty & Associates, PLLC,
             Missoula, Montana

        For Respondent:

             Hon. Mike McGrath, Montana Attorney General, Mark W. Mattioli,
             Assistant Attorney General, Helena, Montana

             Howard Recht, Recht and Recht, LLP, Hamilton, Montana

                                    Submitted on Briefs:  November 22, 2006

                                               Decided:  January 9, 2007

Filed:

        _____
                          Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 K.J. and H.J. (respectively, the biological father and mother of T.D.D.J.) appeal the order terminating their parental rights to T.D.D.J. We affirm.

¶3 T.D.D.J. was born in September 2003. In October 2004, K.J. was charged with issuing a bad check and accountability for issuing a bad check. He pled guilty to these two charges and was sentenced to ten years, with five suspended. On April 17, 2005, H.J. was arrested and detained for methamphetamine use.

¶4 As a result of K.J.'s incarceration and H.J.'s arrest, on April 17, 2005, the Department of Public Health and Human Services (DPHHS), Child and Family Services Division (CFS) petitioned for emergency protective services and placed T.D.D.J. with his paternal great-grandparents (Grandparents). The record reveals that the Grandparents had taken care of T.D.D.J. on several occasions since his birth. On May 11, 2005, the District Court adjudicated T.D.D.J. a youth in need of care and granted temporary legal custody to the Department. The Department maintained T.D.D.J.'s placement in kinship care with his Grandparents. In June 2005, the court approved treatment plans for both parents.

2

¶5    In July 2005, H.J. entered pleas of guilty to three felony charges: criminal possession of dangerous drugs, fraudulently obtaining dangerous drugs, and accountability for issuing a bad check.  She received a deferred sentence.  However, in November 2005, her deferred sentence was revoked after she violated several conditions of the sentence.  Additionally, prior to her revocation she had received a citation for shoplifting which included theft of alcoholic beverages.  She was also arrested in September for food stamp theft.  She was sentenced in November 2005 to custody of the Montana Department of Corrections (DOC) for ten years, with five suspended.

¶6    In November 2005, the Department petitioned to terminate K.J.'s and H.J.'s parental rights.  As of that date, T.D.D.J. had been in kinship foster care with his Grandparents for approximately seven months.  The District Court concluded that neither K.J. nor H.J. had successfully complied with their approved treatment plans and that neither K.J.'s, nor H.J.'s, conduct or condition was likely to change within a reasonable time.  The court therefore ordered termination of parental rights in accordance with § 41-3-609(1)(f), MCA (2005).

¶7    On appeal, both K.J. and H.J. argue that the District Court erred in finding that: (1) DPHHS had made reasonable efforts to reunify the family, and (2) K.J.'s and H.J.'s conduct was unlikely to change within a reasonable time.  In response, DPHHS maintains that the court's determinations were supported by substantial evidence, and that the District Court did not abuse its discretion in terminating their parental rights.

¶8    This Court reviews a district court's findings of fact to determine if they are clearly erroneous, and its conclusions of law to determine whether it correctly interpreted

3

and applied the law. *In re A.N.W.*, 2006 MT 42, ¶ 28, 331 Mont. 208, ¶ 28, 130 P.3d 619, ¶ 28 (citation omitted). We review a district court's ultimate decision to terminate parental rights for abuse of discretion. *A.N.W.*, ¶ 29. This Court will neither re-weigh conflicting evidence nor substitute its judgment regarding the strength of the evidence for that of the district court. *A.N.W.*, ¶ 29.

¶9 Section 41-3-609(1)(f), MCA, requires complete compliance with a treatment plan, as opposed to partial or even substantial compliance. *In re T.L.*, 2005 MT 256, ¶ 14, 329 Mont. 58, ¶ 14, 122 P.3d 453, ¶ 14. The evidence shows that DPHHS's efforts to reunify the family were thwarted and ultimately unsuccessful because of the parents' inability or unwillingness to adequately address the serious concerns raised in their treatment plans. The court received considerable testimony during the termination hearing with regard to the various legal and drug-related problems of the parents. Further, sufficient evidence was presented to show that neither parent had succeeded in complying with the majority of their respective treatment plans, including the requirements that they maintain safe and suitable housing, undergo CFS-approved evaluation and treatments, maintain supervised contact with T.D.D.J., and address their drug and/or legal problems. Additionally, there was ample evidence to support the conclusion that neither parents' conditions were likely to change. The court thus concluded that the treatment plans had been unsuccessful and the behavior of K.J. and H.J. would not change within a reasonable time. Moreover, evidence was presented showing the T.D.D.J. was "well-adjusted" and "thriving" under the care of his Grandparents.

¶10   It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶11   We affirm the judgment of the District Court.

/S/ PATRICIA COTTER

We Concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS