No. DA 06-0620

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 25N

IN THE MATTER OF D.R. and A.S.,

     Youths in Need of Care.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDJ-05-111-Y
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Jim Wheelis, Chief Appellate Defender; Joslyn Hunt,
Assistant Appellant Defender, Helena, Montana

     For Respondent:

          Hon. Mike McGrath, Attorney General; Mark Mattioli,
Assistant Attorney General, Helena, Montana

          Brant S. Light, Cascade Count Attorney; Sarah Corbally
Deputy County Attorney, Great Falls, Montana

Submitted on Briefs: January 16, 2007

Decided:  February 6, 2007

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     The Eighth Judicial District Court, Cascade County, terminated J.S.'s parental rights to her sons D.R. and A.S. in August of 2006, fifteen months after it granted the Department of Public Heath and Human Services (DPHHS) temporary investigative authority and ten months after it adjudicated the boys youths in need of care and granted their temporary legal custody to DPHHS. J.S. appeals, arguing that the District Court abused its discretion because she had made some progress toward completing her court-approved treatment plan. We affirm.

¶3     We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit. Partial, or even substantial, compliance with a treatment plan is not sufficient to forestall termination of parental rights if other criteria for termination have been established. *See* § 41-3-609(1)(f), MCA, *and*, *e.g.*, *In re T.L.*, 2005 MT 256, ¶ 14, 329 Mont. 58, ¶ 14, 122 P.3d 453, ¶ 14 (citation omitted). The District Court did not abuse its discretion in terminating J.S.'s parental rights.

¶4     Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE